OPINION
PER CURIAM.
Oscar Alexis Pacheco petitions for review of the Board of Immigration Appeals’ (“BIA”) final order of removal. For the following reasons, we will deny his petition.
Pacheco, a native and citizen of Honduras, entered the country in 1997 and remained beyond the time period authorized by the Immigration Service. On March 15, 2006, Pacheco was served with a notice to appear charging him with removability under INA § 237(a)(1)(B). Pacheco conceded removability as charged, but applied for withholding of removal, and protection under the Convention Against Torture (“CAT”), on the ground that he had suffered past persecution and feared future persecution because of his employment as a money transporter for a bank. Specifically, Pacheco alleged that while he worked for the bank he was the victim of crime, his co-workers were robbed and killed by criminals, and his uncle was murdered while transporting automobiles from Guatemala to Honduras.
On November 8, 2006, an Immigration Judge (“IJ”) rendered an oral decision and order denying Pacheco’s petitions for relief. The IJ determined that Pacheco was not a victim of past persecution due to his race, religion, political opinion, nationality or membership in a social group. Further, the IJ found that Pacheco did not show that he would likely be tortured if he were removed to Honduras. On appeal, the BIA affirmed the IJ’s decision. Pacheco then filed a timely petition for review of the BIA’s decision in this Court.
We have jurisdiction under 8 U.S.C. § 1252. We uphold the BIA’s determinations if they are supported by reasonable, substantial, and probative evidence on the record considered as a whole. Yuswpov v. Att’y Gen., 518 F.3d 185,197 (3d Cir.2008). Under the substantial evidence standard, the BIA’s determinations “must be upheld unless the evidence not only supports a contrary conclusion, but compels it.” Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir.2001) (citing INS v. Elias-Zacarias, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)).
To be eligible for withholding of removal, Pacheco must demonstrate that “there is a greater-than-fifty-percent chance of persecution” in Honduras based on his race, religion, nationality, membership in a particular social group or political opinion. Senathirajah v. INS, 157 F.3d 210, 215 (3d Cir.1998); see also 8 U.S.C. § 1231(b)(3)(C). For relief under the CAT, Pacheco must demonstrate that it is more likely than not that he would be tortured if removed to Honduras. See 8 C.F.R. § 208.16(c)(2). The torturous acts must be inflicted “by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.” 8 C.F.R. § 1208.18(a)(1).
Pacheco argues that the BIA improperly determined that he was not a member of a particular social group for purposes of withholding of removal. We have held that:
membership in a “particular social group” can be attributed to either: 1) those who possess immutable characteristics such as race, gender or a prior position, status or condition; or 2) those who possess a characteristic that is capable of being changed but is of such fundamental importance that individuals *851 should not be required to modify it, e.g., religion .... Past persecution itself does not define the group.
Escobar v. Gonzales, 417 F.3d 363, 367 (3d Cir.2005).
Pacheco’s job as a transporter for a bank is not an immutable characteristic nor is it of such fundamental importance that he should not be required to modify it. See Matter of Acosta, 19 I. & N. Dec. 211 (BIA 1985)(voluntary members in a taxi cab cooperative that refused to yield to a guerilla group were not part of a social group) overruled in paH as stated in Matter of Mogharrabi, 19 I. & N. Dec. 439 (BIA 1987). Further, as the BIA found, there is no evidence that gangs would target former bank employees who transported checks.
Pacheco’s experience in Honduras, namely being robbed while transporting money, does not constitute past persecution. See Ahmed v. Ashcroft, 341 F.3d 214, 217 (3d Cir.2003) (citations omitted) (“persecution connotes extreme behavior, including ‘threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom.’ ”). Moreover, while the murder of Pacheco’s uncle is undoubtedly a tragic event, Pacheco has not shown how the murder is related to his withholding of removal claim. Finally, Pacheco has not presented any evidence that upon his return to Honduras he would be tortured by the government or that the government would acquiesce in any torture of him by third parties. Thus, Pacheco is not eligible for protection under the CAT. Pierre v. Att’y Gen., 528 F.3d 180, 190 (3d Cir.2008) (en banc).
For these reasons we will deny Pacheco’s petition for review.